**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HUMBERTO LOPEZ PINEDA, | No. 18-70153 |
| Petitioner, | Agency No. A200-709-522 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jose Humberto Lopez Pineda, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review de novo questions of law and constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

To the extent Lopez Pineda contends he established changed circumstances to excuse his untimely asylum application, we lack jurisdiction to consider the issue.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).  Lopez Pineda does not raise, and therefore waives, challenge to the agency's dispositive conclusions that he failed to establish a cognizable particular social group or a nexus to a protected ground.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (petitioner waived challenge to issue not specifically raised and argued in his opening brief).  Thus, Lopez Pineda's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Lopez Pineda failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Lopez Pineda's contention that the deficiencies in his Notice to Appear

violated his right to due process fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice required to prevail on a due process claim); *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

We reject Lopez Pineda's contentions that the appointments of IJs and members of the BIA do not satisfy the Appointments Clause of the U.S. Constitution and that these individuals therefore lacked jurisdiction to order his removal.  *See* U.S. CONST. art. II, § 2, cl. 2; *Stanley v. Gonzales*, 476 F.3d 653, 659 (9th Cir. 2007) (Congress can vest appointment of inferior officers in the President, courts, or agency heads).

We dismiss as moot Lopez Pineda's contention that former Acting Attorney General Whitaker lacked power to defend the government's position on his petition because he was not confirmed by the Senate.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**